FILED
AUG 26 2011

CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| BRICE S. CODY,<br><br>  Plaintiff,<br><br>vs.<br><br>PRAIRIE ETHANOL, LLC,<br><br>  Defendants. | Civ. No. 11-4123<br><br><br>**VERIFIED COMPLAINT**<br>**(JURY TRIAL DEMANDED)** |

Plaintiff, brings this action for damages and other legal and equitable relief from Defendant Prairie Ethanol, LLC's violation of laws, including but not limited to proscribing disability discrimination in employment and for such other causes of action against the named Defendant as hereafter stated, alleging the following as his claims against the Defendants:

## JURISDICTION

1. Plaintiff, Brice S. Cody (hereafter referred to as "Plaintiff"), a white male employee of Defendant Prairie Ethanol, LLC (hereafter referred to as "Defendant"), brings this action under 42 U.S.C. § 12117 ("Americans with Disabilities Act") and 28 U.S.C. §§ 1331, 1337 & 1343, under the provisions of 28 U.S.C. § 1367 and also pursuant to S.D.C.L. 20-13-10 to redress the wrongs done to him by Defendant as a result of Defendant's discriminatory actions based on Plaintiff's disability and for terminating his employment for that same reason.

2.  Pursuant to 28 U.S.C. §1367, this court has pendant jurisdiction for the state claims asserted herein.

3.  On May 29, 2009, Plaintiff timely filed a Charge of Discrimination against Defendant on the basis of disability to the South Dakota Division of Human Rights. A true and correct copy of this notice is attached as Exhibit A. and incorporated herein by reference.

4.  On June 1, 2011 a "Dismissal and Notice of Rights" from the Equal Employment Opportunity Commission on the charges was mailed to Plaintiff. A true and correct copy of this notice is attached as Exhibit B and incorporated by reference.

5.  Venue for all causes of action stated herein lies in the Southern Division of the District of South Dakota as the acts alleged as a basis for federal claims took place within the boundaries of that District.

## PARTIES

6.  Plaintiff was an "employee" of Defendant at all times material hereto. Defendant was at all times material herein a South Dakota limited liability company doing business in Mitchell, South Dakota as Prairie Ethanol, LLC and was an "employer" within the State of South Dakota and within the jurisdictional coverage of the Americans with Disabilities Act and S.D.C.L. § 20-13-1(7).

## FACTS

7. Plaintiff began employment with Defendant in 2006 as an operator at their Mitchell, South Dakota ethanol plant located at 40509 247th Street Mitchell, South Dakota.

8. In June of 2007, Plaintiff injured his neck while working at Defendant's plant. In December of 2007 Plaintiff had surgery to fuse the disks in his neck.

9. Sometime around June of 2007, Plaintiff filed a worker's compensation claim related to his neck injury.

10. Before Dr. Thomas Ripperda, Plaintiff's treating physician, released him back to work, Defendant was in constant contact with Plaintiff to see when Plaintiff was coming back to work. Defendant offered Plaintiff a different job so that he could stay within his doctor's restrictions. That job was Lead Operator. A copy of the job description for a Lead Operator is attached hereto as Exhibit C and incorporated herein by reference.

11. Dr. Ripperda released Plaintiff back to work and gave him permanent restrictions including, but not limited to: no lifting overhead and no lifting over ten (10) pounds.

12. Once Plaintiff returned to work, Defendant continually asked Plaintiff when his doctor was going to release him from his work restrictions. Plaintiff advised Defendant that his work restrictions were permanent.

13. Because of Defendant's persistence in asking when Plaintiff's work restrictions were going to be lifted, Plaintiff asked Dr. Ripperda to modify his work

restrictions so he could lift up to fifteen (15) pounds. Dr. Ripperda agreed to such modification.

14. Defendant then began making Plaintiff work in areas where in order to perform the requested job Plaintiff would have to go against his doctor's work restrictions.

15. In addition to being asked to perform jobs which violated Plaintiff's work restrictions Plaintiff was being subjected to different terms and conditions of employment than his coworkers.

16. In November or December of 2008, Plaintiff was suspended for five (5) days for something that his coworkers had done in the past and had never been reprimanded for.

17. After Plaintiff's suspension and his return to work, Plaintiff was demoted. Upon demotion Plaintiff was transferred to another crew and Plaintiff's new supervisor failed to accommodate his work restrictions.

18. In January of 2009, Rick Shauer, Plaintiff's supervisor, gave Plaintiff an overall performance score on his performance evaluation of 2.0. Becky Pitz, the technical manager, turned down the evaluation. Mr. Shauer then reviewed it and gave Plaintiff a different score of 1.9. Once Plaintiff was given the 1.9 score for his performance evaluation, Plaintiff was told that the new policy in place required any employee who receives below a 2.0 score on their performance evaluation be placed on probation. Plaintiff was never provided with a copy of the new policy.

19. On January 21, 2009 Plaintiff was terminated from Prairie Ethanol for allegedly failing to follow directions.

## COUNT ONE

## VIOLATION OF TITLE 1 OF THE AMERICANS WITH DISABILITIES ACT – FAILURE TO REASONABLY ACCOMMODATE

20. Plaintiff incorporates all paragraphs of this complaint as if fully set forth under this count and further alleges that:

21. Defendant is an "employer" within the meaning of the ADA.

22. Defendant Corporation is engaged in an "industry affecting commerce" within the meaning of the ADA and the Civil Rights Act of 1964.

23. Due to Plaintiff's neck injury, Plaintiff is an individual with a "disability", as that term is defined by the ADA.

24. Plaintiff is a "qualified person with a disability" within the meaning of the ADA, 42 U.S.C. §12111(8), as he is an individual with a disability who, with or without reasonable accommodations, can perform the essential functions of various positions for Defendant.

25. Plaintiff's neck injury substantially limits his ability to work, which is a major life activity.

26. Defendant refused to reasonably accommodate Plaintiff's request to work in positions that he could perform as required by the ADA, 42 U.S.C. § 12112(b)(5).

27. Defendant's actions toward Plaintiff on the basis of his disability constitutes a discriminatory act prohibited by the ADA, 42 U.S.C. § 12112(a).

28. The unlawful employment practices complained of above were intentional and/or were done with malice or reckless indifference to the federally protected rights of the Plaintiff.

29. Defendant's discriminatory conduct resulted in the demotion and subsequent termination of Plaintiff from his employment in violation of federal law.

30. Defendant's reasons for demoting and terminating Plaintiff were a pretext.

31. Defendant's discriminatory actions toward Plaintiff based on his disability have caused Plaintiff to suffer damages, including past and future wages, medical expenses and employment benefits.

32. Defendant's discriminatory actions toward Plaintiff based on his disability have caused Plaintiff to suffer past and future substantial damages for mental anguish, loss of enjoyment of life and other non-pecuniary losses.

33. Under the ADA, 42 U.S.C. §12117(a), which incorporates by reference the Civil Rights Act of 1964, 42 U.S.C. §2000e-5, Plaintiff is entitled to back pay and lost benefits in an amount equaling or exceeding $300,000.00 as well as front pay.

34. Under 42 U.S.C. § 1981(a) and 42 U.S.C. § 12117(a), Plaintiff is entitled to recover compensatory damages, including damages for emotional pain, mental anguish, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

35. Because Defendant's discriminatory conduct was intentional and/or was taken with malice or reckless indifference to the Plaintiff's federally protected rights, Plaintiff is entitled to recover punitive damages.

36. Under 42 U.S.C. § 12205, Plaintiff is entitled to his reasonable attorneys fees, litigation expenses and costs incurred in this action.

## COUNT TWO

### VIOLATION OF TITLE 1 OF THE AMERICANS WITH DISABILITIES ACT – DISPARATE TREATMENT

Plaintiff incorporates all paragraphs of this complaint as if fully set forth under this count and further alleges that:

37. Defendant treated Plaintiff differently than his coworkers after Plaintiff had returned to work from his neck injury.

38. Plaintiff could have performed the essential functions of a Lead Operator at the time Defendant demoted and subsequently discharged Plaintiff.

39. Defendant knew of the Plaintiff's neck injury and the Plaintiff's neck injury was a motivating factor or played a part in the Defendant's decision to demote and subsequently discharge Plaintiff.

40. The unlawful employment practices complained of above were intentional and/or were done with malice or reckless indifference to the federally protected rights of the Plaintiff.

41. Defendant's discriminatory conduct resulted in the demotion and termination of Plaintiff from his employment in violation of federal law.

42. Defendant's discriminatory actions toward Plaintiff based on his disability have caused Plaintiff to suffer damages, including lost and future wages, medical expenses and employment benefits.

43. Defendant's discriminatory actions toward Plaintiff based on his disability has caused Plaintiff to suffer past and future substantial damages for mental anguish, loss of enjoyment of life and other non-pecuniary losses.

44. Under the ADA, 42 U.S.C. §12117(a), which incorporates by reference the Civil Rights Act of 1964, 42 U.S.C. §2000e-5, Plaintiff is entitled to back pay and lost benefits in an amount equaling or exceeding $300,000.00 as well as front pay.

45. Under 42 U.S.C. § 1981(a) and 42 U.S.C. § 12117(a), Plaintiff is entitled to recover compensatory damages, including damages for emotional pain, mental anguish, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

46. Because Defendant's discriminatory conduct was intentional and/or was taken with malice or reckless indifference to the Plaintiff's federally protected rights, Plaintiff is entitled to recover punitive damages.

47. Under 42 U.S.C. § 12205, Plaintiff is entitled to his reasonable attorneys fees, litigation expenses and costs incurred in this action.

## COUNT THREE

## RETALIATION BY DEFENDANT

Plaintiff incorporates all paragraphs of this complaint as if fully set forth under this count and further alleges that:

48. Upon his return to work following his work-related injury, the Plaintiff requested reasonable accommodations based on the restrictions set by Plaintiff's treating physician.

49. In retaliation for Plaintiff's request for reasonable accommodations as provided by the ADA, the Defendant demoted and discharged the Plaintiff.

50. The Plaintiff's filing of an EEOC charge was a determining factor in the Defendant's decision to demote and discharge the Plaintiff.

51. The unlawful employment practices complained of above were intentional.

52. The unlawful employment practices complained of above were done with malice or reckless indifference to the federally protected rights of Plaintiff.

53. As a result of the foregoing, Plaintiff is entitled to damages, including but not necessarily limited to, actual, consequential and punitive damages.

## COUNT FOUR

## VIOLATION OF S.D.C.L. §20-13-10

54. Plaintiff incorporates all paragraphs of this complaint as if fully set forth under this count and further alleges that:

55. Defendant is an "employer" at all times material herein within the meaning of S.D.C.L. §20-13-1(7).

56. Plaintiff was an "employee" at all times material herein within the meaning of S.D.C.L. §20-13-1(6).

57. Due to Plaintiff's neck injury, Plaintiff is an individual with a "disability" as that term is defined under S.D.C.L. §20-13-1(4) and §20-13-1(4)(a).

58. Defendant demoted and subsequently terminated Plaintiff for having a disability and for requesting reasonable accommodations.

59.     Defendant's actions toward Plaintiff on the basis of his disability constitutes an unfair or discriminatory employment practice prohibited by S.D.C.L, §20-13-10.

60.     The unlawful employment practices complained of above were intentional and/or were done with malice or reckless indifference to the rights set in place by the law of the State of South Dakota.

61.     Defendant's discriminatory actions toward Plaintiff based on his disability have caused Plaintiff to suffer damages, including lost and future wages, medical expenses and employment benefits.

62.     Defendant's discriminatory actions toward Plaintiff based on his disability has caused Plaintiff to suffer past and future substantial damages for mental anguish, loss of enjoyment of life and other non-pecuniary losses.

63.     Under S.D.C.L. §20-13-35.1, Plaintiff is entitled to compensatory and punitive damages.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury of the issues of fact in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

A. For Plaintiff's past pecuniary losses, including the loss of wages and benefits in an amount equaling or exceeding $300,000.00 to be determined by a jury at trial;

B. For front pay in an amount to be determined by a jury at trial;

C. For Plaintiff's compensatory damages in an amount to be determined at trial;

D. For punitive damages in an amount to be determined at trial;

E. For attorneys, fees, costs and disbursements incurred herein; and

E. For such other and further relief as the Court deems just and equitable under the circumstances.

## PUNITIVE DAMAGES DEMAND

The Defendant is hereby put on notice that the Plaintiff is requesting punitive damages on all counts set forth herein.

_____
Brice S. Cody
Pro Se Litigant